ORIGINAL

HAWAIʻI DISABILITY RIGHTS CENTER
MATTHEW C. BASSETT          6443
1132 Bishop Street, Suite 2102
Honolulu, Hawaiʻi 96813
Telephone:  949-2922, (808) 876-0529 Maui
Facsimile:  949-2928, (808) 876-1489 Maui
Email:      mattbassettesq@gmail.com

FONSECA & CHING
JEREL D. FONSECA          3187
841 Bishop Street, Suite 2201
Honolulu, Hawaiʻi 96813
Telephone:  521-1141
Facsimile:  538-0100
Email:      jdfonseca@hawaii.rr.com

Attorneys for Plaintiffs

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
MAR 07 2014
at ___ o'clock and ___ min ___ M.
SUE BEITIA, CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAIʻI

| | |
|---|---|
| DYLAN S., by and through his mother, TERRI K.; H.D., by and through her father, N.D.,<br><br>Plaintiffs,<br><br>vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawaiʻi; KATHRYN MATAYOSHI, in her official capacity as Superintendent of the Hawaiʻi Public Schools,<br><br>Defendants. | CIVIL NO. CV14 00120 ACK KSC<br><br>(Civil Rights Action)<br><br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF; ~~SUMMONS~~** |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs DYLAN S., by and through his mother, TERRI K., and H.D., by and through her father, N.D., through their attorneys, Matthew C. Bassett and Jerel D. Fonseca, hereby submit this COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF as follows:

### I. PRELIMINARY STATEMENT

1.      This complaint for declaratory and injunctive relief is brought by Plaintiffs DYLAN S., by and through his mother, TERRI K., and H.D. by and through her father, N.D. (collectively, the "Plaintiffs").  Plaintiffs appeal to this court from an "adverse decision" by an Administrative Hearings Officer.

2.      Plaintiff DYLAN S. filed a Request for Impartial Due Process Hearing on April 15, 2013.  The administrative hearing, Case No. DOE-SY1213-046, was conducted pursuant to the provisions of the Individuals with Disabilities Education Improvement Act of 2004 ("IDEIA"), 20 U.S.C. §§ 1400, *et seq.*, 34 C.F.R. §§ 300, *et seq.*, and the Hawai'i Administrative Rules for the Department of Education, Title 8, Chapter 60.

3.      Plaintiff DYLAN S.'s hearings were conducted on September 24, 2013, September 25, 2013, September 26, 2013, and September 27, 2013, before Hearings Officer Haunani H. Alm.

4.      The Findings of Fact, Conclusions of Law and Decision for Plaintiff DYLAN S. were due on January 27, 2014.

5.      Upon information and belief, Hearings Officer Haunani H. Alm retired on December 31, 2014.

6.      The Findings of Fact, Conclusions of Law and Decision for Plaintiff DYLAN S. was never drafted, delivered or received by Plaintiff DYLAN S..

7.      The DOE is responsible for ensuring that the procedural safeguards comply with the IDEA and Chapter 60 are followed, and that issuing a written Findings of Fact, Conclusions of Law and Decision is a procedural safeguard.

8.      Senior Hearings Officer David H. Karlen of the Office of Administrative Hearings is refusing to allow former Hearings Officer Haunani H Alm to finish writing and delivering Plaintiff DYLAN S.'s decision.

9.      Plaintiff DYLAN S. has exhausted his administrative remedies and is therefore aggrieved by the failure of the DOE to deliver a decision.

10.     Plaintiff H.D. filed a Request for Impartial Due Process Hearing on August 3, 2012.  The administrative hearing, Case No. DOE-SY1213-007, was conducted pursuant to 20 U.S.C. §§ 1400, *et seq.*, 34 C.F.R. §§ 300, *et seq.*, Section 504 of the Rehabilitation Act of 1973 (and its implementing regulations, 34 C.F.R. § 104, *et seq.*), and Title 8, Chapter 60 of the Hawaii Administrative Rules.

2

11.     H.D.'s hearing was convened on February 12, 2013, February 13, 2013, February 14, 2013, April 1, 2013, April 3, 2013, April 4, 2013, April 5, 2013, June 4, 2013, June 5, 2013, and June 6, 2013 before Hearings Officer Haunani H. Alm.

12.     The Findings of Fact, Conclusions of Law and Decision for Plaintiff H.D was due on January 2, 2014.  There are no further extensions.

13.     Upon information and belief, Hearings Officer Haunani H. Alm retired on December 31, 2014.

14.     Plaintiff H.D.'s Findings of Fact, Conclusions of Law and Decision was never drafted, delivered or received by Plaintiff H.D..

15.     The Findings of Fact, Conclusions of Law and Decisions for Plaintiff H.D. were to be drafted by Hearings Officer Haunani H. Alm.  Hearings Officer Alm was prohibited from finishing the Findings of Fact, Conclusions of Law and Decision by orders of her supervisor, Senior Hearings Officer David H. Karlen.

16.     Plaintiff H.D. has exhausted his administrative remedies and has been aggrieved by the failure of the DOE to deliver a decision.

17.     Plaintiff DYLAN S. is a 10-year old male student whose home school at the time of the due process hearing was Pearl City Highlands Elementary School, a DOE public school.  He is diagnosed with Autism.  Dylan requires

special education and related services in the areas of math, reading, speech

language, and he requires a 1:1 skills trainer.

18.     Plaintiff H.D. is a 9-year old female student with a disability.  Her

home school is Pu'ohala Elementary School.  She is eligible for services under the

IDEA (now the Individuals with Disabilities Improvement Act, IDEIA).  H.D. is

non-verbal, and has been diagnosed with Autism, apraxia of speech, and a seizure

disorder.  She is eligible for special education services under the category of

Autism Spectrum Disorder ("ASD").

19.     This current appeal was taken by Plaintiffs Dylan S. and H.D. after

each Plaintiff exhausted their administrative remedies under the IDEA by filing for

due process, completing a full evidentiary hearing administered by Hearings

Officer Haunani H. Alm, and filing Closing Briefs and Proposed Findings of Fact

and Conclusions of Law.

20.     The DOE, with the consent and/or urging of the State of Hawaiʻi,

refuses to allow former Hearings Officer Haunani H. Alm to complete the hearings

by drafting and submitting the respective Findings of Facts, Conclusions of Law,

and Decisions.

21.     Ms. Alm has informed the parties through their attorney that she is

ready, willing, and able to draft the Findings of Facts, Conclusions of Law and

Decisions if ordered to do so by a judge.

4

22.     This Complaint seeks an order enjoining the state from not allowing

Hearings Officer Alm from issuing her decisions in the two aforementioned due

process cases, or in the alternative, the Plaintiffs are seeking a judgment against the

DOE based on the equitable powers of the court.

## II.  JURISDICTION

23.     This Court has jurisdiction over this action pursuant to the IDEA, now

referred to as the IDEIA, found at 20 U.S.C. §§ 1401-1487; as well as 28 U.S.C. §

1331, and 28 U.S.C. § 1343(a)(4).  This Court is authorized to grant Plaintiffs'

request for declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201-2202,

and Rules 57 and 58 of the Federal Rules of Civil Procedure.  The Court has

supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over claims arising under

state law, including H.A.R §8-60, H.A.R. §§8-34-1 through 8-34-15 and H.R.S. §

334-5, and to award Plaintiff reasonable attorney's fees pursuant to the IDEA, 20

U.S.C. § 1415(i)(3)(B).

24.     The venue for this action lies in the United States District Court for

the District of Hawai'i, pursuant to 28 U.S.C. § 1391(b).  The District of Hawai'i is

the judicial district in which both Plaintiffs and the Defendant reside and in which

each claim arose.

### III. PARTIES

25.     Plaintiff DYLAN S. is a 10-year old student with autism who is currently not attending a public school.  He is a resident of the City and County of Honolulu, State of Hawai'i.  He qualifies for the protections afforded by Section 504 of the Rehabilitation Act of 1973, and the Individuals with Disabilities Education Act ("IDEA").  Plaintiff currently is certified for Special Education in the State of Hawai'i under the category of "Autism" by the Department of Education.

26.     Plaintiff H.D is a 9-year old autistic student.  She is a resident of the City and County of Honolulu, State of Hawai'i.  She qualifies for the protections afforded by Section 504 of the Rehabilitation Act of 1973, and the IDEA.  Plaintiff currently is certified for Special Education in the State of Hawai'i under the category of "Autism" by the Department of Education.

27.     Defendant DEPARTMENT OF EDUCATION, State of Hawai'i, is responsible for providing Plaintiffs DYLAN S. and H.D. with a free appropriate public education ("FAPE"), in accordance with the terms of the IDEA (20 U.S.C. §§ 1401, *et seq*.) and it is the official body charged with the responsibility for developing policies with respect to the administration and operation of the public schools in the State of Hawai'i, including programs and services for students with disabilities.  It is a recipient of federal financial assistance.

28.     Defendant KATHRYN MATAYOSHI is the Superintendent of Department of Education for the State of Hawai'i, which is the State Educational Agency ("SEA") for the State of Hawai'i, and as such, is entrusted with specific powers and duties including the power and duty to establish policy, and control and operate all academic, vocational and special education schools, including their funding and budgeting, in the State of Hawai'i.

## IV. <u>RELATED CASES</u>

None.

## V. <u>FACTUAL ALLEGATIONS</u>

29.     Plaintiff DYLAN S. is a 10-year old male student diagnosed with Autism disorder.  He is certified for special education.  He does not currently attend school, because the DOE wrongfully terminated his educational services at Pearl City Highlands Elementary School, forcing DYLAN S. to miss most of the 2012-2013 school year and the beginning of the 2013-2014 school year.  DYLAN S. is receiving tutoring from tutors from the Variety School.  Plaintiff demands reimbursement.

30.     Plaintiff DYLAN S. filed a request for impartial due process hearing on April 15, 2013.  After numerous delays precipitated by the State's Deputy Attorney General, and additional continuances requested by the State's Hearings

Officer, a final Findings of Fact, Conclusions of Law and Decision was due on January 27, 2013.

31. There are no further extensions. The final decision is past its due date and the Senior Hearings Officer has informed Plaintiffs that no final decision in the DYLAN S. and H.D. cases will be forthcoming.

32. On or about January 24, 2014, Plaintiffs' attorney received an email from Senior Hearings Officer David H. Karlen, informing the Plaintiffs that Hearings Officer Alm retired effective December 31, 2013, and will not be writing a decision in the DYLAN S. case. Hearings Officer Karlen offered alternatives which were not acceptable.

33. Hearings Officer Alm retired on December 31, 2013. Plaintiffs' counsel is informed and believes that the Senior Hearings Officer promised Ms. Alm that she would be hired back in January 2014 to finish the aforementioned Plaintiffs' decisions.

34. The Plaintiffs relied on those promises in granting Hearings Officer Alm an extension to January 27, 2014, for the DYLAN S. case, and an extension to January 2, 2014, for the H.D. case. The Senior Hearings Officer and the DOE reneged on their promise to re-hire Ms. Alm, which left the Plaintiffs without Findings of Facts, Conclusions of Law and Decisions in the DYLAN S. and H.D. cases.

35. The issues presented at the hearing for Plaintiff DYLAN S. were:

(a) that the DOE wrongfully refused to implement DYLAN S.'s January 10, 2013 IEP at Pearl City Highlands Elementary School, his homeschool;

(b) that the DOE's failure to find DYLAN S. eligible under the category of autism resulted in a reduction and/or loss of autism specific services including an autism consultant and an autism training teacher, scientific research-based autism instruction such as applied behavior analysis and/or discrete trial training, and a total elimination of necessary speech language services; which is a denial of FAPE;

(c) that DYLAN S. requires speech language pathology services as a related service in his IEP, per the recommendations in his assessments;

(d) that DYLAN S. requires placement in a small class setting which is safe;

(e) that the DOE unilaterally placed DYLAN S. out of Pearl City Highlands Elementary without the benefit of an IEP meeting, parent participation, and a prior written notice, which is a denial of FAPE;

(f) that DYLAN S.'s DOE home school is Pearl City Highlands Elementary;

(g)     that the DOE failed to assess DYLAN S. in every area of suspected disability and order the DOE to conduct a Speech-Language Evaluation, Occupational Therapy Evaluation, Academic Evaluation, and Autism Evaluation;

(h)     that Pearl City Highlands Elementary School is not the appropriate placement for DYLAN S. based on his individualized needs and find that Variety School is an appropriate educational placement for him;

(i)     private placement at public expense at Variety School;

(j)     the DOE failed to provide transportation and Extended School Year ("ESY") services;

(k)     the DOE failed to provide DYLAN S. with appropriate one-on-one adult supervision such as a skills trainer or educational aide; and

(l)     the DOE filed to pay for all other costs associated with the placement, including costs for related services and for supplementary aids and services, and the cost for ESY.

36.     Evidence at the hearing demonstrated that DYLAN S. established a *prima facie* case for the issues enumerated in paragraph 34, and that he was denied a Free and Appropriate Public Education, and is therefore entitled to the aforementioned relief and remedies under the equitable remedies doctrines of this Court.

37.    The issues in the request for due process for Plaintiff H.D. include the determination of the appropriateness of H.D.'s IEP of March 1, 2012, March 6, 2012, April 10, 2012, and May 22, 2012 (the "May 22, 2012" IEP), and the June 12, 2012 and July 3, 2012 IEPs.  Plaintiff H.D. alleged that the IEPs failed to describe adequately H.D.'s strengths and needs in the PLEPs.  Many of the goals and objectives of the IEPs are either inadequate or inappropriate to address her current needs, especially in the areas of Speech-Language services, Occupational Therapy, Physical Therapy, Academics and Mental Health, and the DOE failed to appropriately address H.D.'s needs with appropriate goals and objectives or services, failed to offer appropriate placement in the least restrictive environment, and/or failed to properly implement her IEPs.  Other issues include the adequacy of Speech-Language Therapy, Occupational Therapy and Physical Therapy as related services, that the IEPs are inadequate and untimely, and the related services including the supplementary aids and services are inadequate or missing in the IEPs mentioned above.  Service of a one-to-one aide is also raised as an issue.

38.    Other issues specified include the issue that H.D.'s annual IEP was untimely as it was to be held by March 10, 2012.  The DOE held a number of IEPs (March 1, 2012, March 6, April 10, 2012, May 22, 2012, June 12, 2012 and July 3, 2012) before its untimely completion of H.D.'s IEP.  The failure to timely

11

complete H.D.'s IEPs prior to the 2012-2013 school year constitutes a denial of

FAPE.

39.     On May 22, 2012, the DOE stated in its Prior Written Notice, that a

cognitive and academic assessment of H.D. would be conducted.  The DOE

completed a Cognitive Assessment in May and June 2012, and a report was not

generated until July 17, 2012.  The failure to deliver a completed cognitive

assessment dated July 17, 2012 to the IEP team, which was to be utilized in

developing an appropriate IEP for H.D.'s 2012-13 school year, is also an issue.  The

failure to complete a needed Academic Assessment prior to the development of the

IEP is another issue that was to be resolved at hearing.  The failure to timely

complete H.D.'s IEPs and to complete necessary assessments constitute a denial of

FAPE.

40.     Further, the aforementioned IEPs do not offer an appropriate

placement in the least restrictive environment.  The aforementioned IEPs do not

offer an appropriate afterschool program with the assistance of a trained and

qualified skills trainer.

41.     Reimbursement for private providers is also an issue in H.D.'s case.

He has been receiving private speech therapy services from Trini Myers, SLP,

Orofacial Myologist, and Cognitive Behavioral Therapy services from Jennifer

Dustow, Ed.D/CBLS (Doctorate in Education/Cognitive Behavioral Learning

Specialist). Plaintiff H.D., through her Father, N.D., demands reimbursement for the cost of providing needed services which the DOE refused to provide.

42.   H.D. requested the following remedies:

(a)   Find that the March 1, 2012, March 6, 2012, April 10, 2012, May 22,2012, June 12, 2012, and July 3, 2012 IEPs do not offer H.D. a FAPE;

(b)   Find that the DOE has not provided appropriate services and placement in the least restrictive environment necessary for H.D. to obtain a meaningful benefit in the public school for the 2012-13 school year and ESY 2013;

(c)   Find that the DOE committed procedural and substantive violations of the IDEA, including but not limited to, the failure to timely complete H.D.'s IEPs;

(d)   Find that DOE failed to complete H.D.'s evaluations and/or to conduct evaluations every three years in violation of 20 U.S.C. § 1414, which is a denial of FAPE;

(e)   Find that DOE failed to complete H.D.'s assessments in a timely manner; and DOE also failed to have an appropriate IEP in place prior to the commencement of her 2012-2013 school year, each of which is a denial of FAPE;

(f)   Find that the DOE failed to determine the appropriate related services and special education for H.D. before the commencement of the July 2012 summer ESY, and thus failed to provide the appropriate related services and special

13

education during her participation in the July 2012 summer ESY, which is a denial of FAPE;

      (g)    Order reimbursement to Plaintiff H.D. and/or payment to the providers for Speech services, Cognitive Behavioral Therapy services, and related service expenses, including transportation, from December 1, 2011 through the end of the 2011-2012 school year, and through the 2012 extended school year;

      (h)    Order payment and/or reimbursement to Plaintiff H.D. for any payments made for the current school year to the present for therapeutic services and assessments, including, but not limited to, Speech Therapy, Cognitive Behavioral Therapy training, Occupational Therapy, Physical Therapy, private skills trainer services, parent consultant services, transitional specialist services, and travel and related service expenses in the provision of these services;

      (i)    Order reimbursement and/or payment for private evaluations and services, including but not limited to, Cognitive/Behavioral, Occupational Therapy and Speech assessments;

      (j)    Order a geographic exception to a school of Petitioners' choice until Grade 5;

      (k)    Award compensatory education; and

      (l)    Order reasonable attorneys' fees and costs to Plaintiff.

43.   Plaintiff H.D. established a *prima facie* case at the hearing of all the issues enumerated in paragraph 41, and is therefore entitled to the aforementioned relief and remedies under the equitable remedies doctrines of this Court.

## VI.  <u>FIRST CLAIM</u>

44.   Plaintiffs incorporate and re-allege paragraphs 1 through 43 of this Complaint as if fully set forth herein.

45.   Plaintiff DYLAN S. and H.D. were denied a FAPE.

46.   Defendants are in default, and otherwise violated Plaintiffs' procedural safeguards and due process rights under the IDEA and the Constitution of the United States.

47.   20 U.S.C. § 1415(i)(2)(C) gives the Courts broad discretion to fashion a remedy if the State Educational Agency fails to decide a due process matter such as this case.  Plaintiffs DYLAN S. and H.D. are entitled to equitable relief under the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400–1490.  The Court should enter its broad discretion to fashion a remedy by entering Judgment against the DOE for the untimely issuance/non-issuance of the Findings of Facts, Conclusions of Law and Decisions, pursuant to the procedural safeguards of the IDEA.  In entering judgment against the DOE, the Court should award all remedies for which the Plaintiffs have established *prima facie* cases in both DOE-SY1213-007 and DOE-SY1213-046.

## VII. SECOND CLAIM

48.     Plaintiff incorporates and re-alleges paragraphs 1 through 47 of this Complaint as if fully set forth herein.

49.     Failure to deliver a mandated Findings of Fact, Conclusions of Law and Decision is a violation of Plaintiffs DYLAN S. and H.D's due process rights guaranteed under the IDEA and the Constitution of the United States.  A written decision is guaranteed under the procedural safeguards of the IDEA; therefore, a failure to deliver a Findings of Fact, Conclusions of Law and Decision from a Hearings Officer pursuant to 20 U.S.C. §§ 1400, *et seq.* is a denial of FAPE.

50.     The Court has the equitable power to enjoin the State from not hiring back Hearings Officer Alm to finish the decisions.

51.     Plaintiffs demand that the Hearings Officer who heard the case be allowed to finish DYLAN S. and H.D.'s cases by writing a Findings of Fact, Conclusions of Law and Decision in DOE-SY1213-007 and DOE-SY1213-046.

## VIII. RELIEF

WHEREFORE, the Plaintiffs pray that this Court:

A.     FIND that the DOE had denied Plaintiffs DYLAN S. and H.D. a Free and Appropriate Public Education;

B.     ENJOIN the DOE, State of Hawai'i, from not re-hiring retired Hearings Officers, and thereafter, ORDER retired Hearings Officer Haunani H. Alm

to complete the hearings by writing the Findings Of Facts, Conclusions Of

Law and Decisions for Plaintiffs DYLAN S. and H.D.;

C.   In the alternative, ENTER JUDGMENT against the DOE, because its failure

to deliver a timely Findings of Fact, Conclusions of Law and Decision

violates the procedural safeguards and due process rights of the Plaintiffs,

and ENTER JUDGMENT for the following remedies as enumerated in i

through xxviii hereinbelow:

**Plaintiff DYLAN S. requests the Court to:**

i.   Make a finding that the IEP dated January 10, 2013 does not provide a

FAPE;

ii.   Make a finding that the DOE wrongfully refused to implement DYLAN

S.'s January 10, 2013 IEP at Pearl City Highlands Elementary School,

his homeschool;

iii.   Make a finding that the DOE's failure to find DYLAN S. eligible under

the category of autism resulted in a reduction and/or loss of autism

specific services, including an autism consultant and an autism training

teacher, scientific research-based autism instruction such as applied

behavior analysis and/or discrete trial training, and a total elimination of

necessary speech language services, which resulted in a denial of

FAPE;

iv.  Make a finding that DYLAN S. requires speech language pathology services as a related service in his IEP, per the recommendations in his assessments;

v.  Make a finding that DYLAN S. requires placement in a small class setting which is safe;

vi.  Make a finding that the DOE unilaterally placed DYLAN S. out of Pearl City Highlands Elementary without the benefit of an IEP meeting, parent participation, and a prior written notice, which is a denial of FAPE;

vii.  Make a finding that DYLAN S.'s DOE home school is Pearl City Highlands Elementary School;

viii.  Make a finding that the DOE failed to assess DYLAN S. in every area of suspected disability, and order the DOE to conduct a Speech Language Evaluation, Occupational Therapy Evaluation, Academic Evaluation, and Autism Evaluation;

ix.  Make a finding that Pearl City Highlands Elementary School is not the appropriate placement for DYLAN S. based on his individualized needs, and find that Variety School is an appropriate educational placement for DYLAN S.;

x.  Order private placement at public expense at Variety School;

18

xi. Order the DOE to provide transportation and Extended School Year services;

xii. Order the DOE to provide DYLAN S. with appropriate one-on-one adult supervision such as a skills trainer or educational aide;

xiii. Order the DOE to pay for all other costs associated with the placement, including costs for related services and for supplementary aids and services, and the cost for ESY;

xiv. Order the DOE to reimburse DYLAN S. for the cost of maintaining tutoring from the Variety School tutors;

xv. Order compensatory education of one year; and

xvi. Order attorney's fees and costs to Plaintiff DYLAN S..

**Plaintiff H.D. requests the Court to;**

xvii. Find that the March 1, 2012, March 6, 2012, April 10, 2012, May 22,2012, June 12, 2012, and July 3, 2012 IEPs do not offer FAPE to H.D.;

xviii. Find that the DOE has not provided appropriate services and placement in the least restrictive environment necessary for H.D. to obtain a meaningful benefit in the public school for the 2012-13 school year and ESY 2013;

xix.   Find that the DOE committed procedural and substantive violations of the

IDEA, including but not limited to, the failure to timely complete H.D.'s

IEPs;

xx.   Find that there was a failure to complete her evaluations and/or to conduct

evaluations every three years in violation of 20 U.S.C. § 1414, which is a

denial of FAPE;

xxi.   Find that there was a failure to complete H.D.'s assessments in a timely

manner; and that failure to have an appropriate IEP in place prior to the

commencement of her 2012-13 school year is a denial of FAPE;

xxii.   Find that the DOE failed to determine the appropriate related services and

special education for H.D. before the commencement of the July 2012

summer ESY, and thus failed to provide the appropriate related services

and special education during H.D.'s participation in the July 2012 summer

ESY, which is a denial of FAPE;

xxiii.   Order reimbursement to Plaintiff H.D. and/or payment to the providers

for Speech services, Cognitive Behavioral Therapy services and related

service expenses, including transportation, from December 1, 2011

through the end of the 2011-2012 school year and the 2012 extended

school year;

xxiv.  Order payment and/or reimbursement to Plaintiff H.D. for any

payments made for the current school year to the present for therapeutic

services and assessments, including, but not limited to, Speech Therapy,

Cognitive Behavioral Therapy training, Occupational Therapy, Physical

Therapy, private skills trainer services, parent consultant services,

transition specialist services, and travel and related service expenses in

the provision of these services;

xxv.  Order reimbursement and/or payment for private evaluations and

services, including but not limited to a Cognitive/Behavioral,

Occupational Therapy and Speech Assessments;

xxvi.  Order a geographic exception to the school of Petitioners' choice until

Grade 5;

xxvii.  Award compensatory education; and

xxviii.  Award reasonable attorneys' fees and costs and such other relief as is

just.

DATED:  Honolulu, Hawai'i, March ___6th___, 2014.


MATTHEW C. BASSETT

Co-Counsel for Plaintiffs


21